UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAVIN MENEZES,

          Plaintiff,

      v.

UNITED AIRLINES, INC.,

          Defendant.

No. 25 CV 08478

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Plaintiff Gavin Menezes ("Plaintiff") brings this lawsuit against Defendant United Airlines, Inc. ("Defendant" or "United") alleging discrimination and retaliation based on his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.* (the "IHRA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). R. 1. Defendant moved to transfer venue to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) and, in the alternative, to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. 15. For the following reasons, the motion to transfer venue is granted.

## Background

Plaintiff resides in Houston, Texas and was employed by United as a pilot out of Houston's George Bush International Airport ("IAH") for approximately 11 months between May 2023 to April 2024. R. 1 ¶¶ 2, 6. Plaintiff alleges that during his employment he faced discrimination from other Houston-based pilots based on his

1

South Asian race and Indian national origin, which ultimately culminated in his termination. *Id.* ¶¶ 2–3.

Before Plaintiff was hired by United, he met a United pilot through his association with the Southwest Regional Chapter of the Organization of Black Aerospace Professionals ("OBAP"), for which the United pilot was a board member. *Id.* ¶ 20. Plaintiff alleges that during his association with OBAP, the United pilot disapproved of Plaintiff's membership because he "was not Black enough" and conspired to deny him a position as regional director and a scholarship. *Id.* ¶¶ 21–30.

Once hired by United, Plaintiff alleges that the United pilot continued to harass and discriminate against him and encouraged other United pilots to do the same. *Id.* ¶¶ 39–91. Plaintiff alleges that these pilots are all based in Houston and that his interactions with them took place in Houston and on flights originating and ending in Houston. *Id.* Two of the flights during which Plaintiff alleges discriminatory conduct occurred included connections through Chicago, Illinois. *Id.* ¶¶ 75–87. Plaintiff's personnel records indicate that 100% of Plaintiff's flights originated and ended in Houston while 8% included a connection through Illinois. R. 16-1 ¶ 16. All individuals named in Plaintiff's complaint live in Texas except one witness who lives in Pennsylvania. *Id.* ¶¶ 9–15.

## Legal Standard

A motion for a change of venue is governed by 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." Transfer is appropriate if (1) venue is proper in both the transferor and transferee courts; (2) the transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. *Kelley v. MailFinance Inc.*, 436 F. Supp. 3d 1136, 1140 (N.D. Ill. 2020). It is within the district court's discretion to weigh the factors for and against transfer in a "flexible and individualized analysis." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). The movant bears the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219–20.

## Discussion

I.      Convenience of the Parties and Witnesses

Plaintiff concedes that venue would be proper in the Southern District of Texas. See R. 20 at 3. The issue here is whether the transfer will serve the convenience of the parties and witnesses. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002). In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Id.*

Here, the factors weigh strongly in favor of transfer. Houston will be a more convenient venue because all of the individuals listed in Plaintiff's complaint save one—including Plaintiff himself—live in Texas and none live in Illinois. R. 16 at 6–7.

3

This lack of connection to Illinois is significant given that the "convenience of witnesses is often viewed as the most important factor in the transfer balance." *Hanley v. Omarc*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Further, Houston's George Bush International Airport is the situs of the material events and where any sources of proof may be located because it is where: Plaintiff was employed; all but one of the named individuals are employed; 100% of Plaintiff's flights originated and concluded; the termination decision took place; the termination decisionmakers are employed; and, additionally, any records may potentially be stored (if they are not otherwise stored electronically). R. 16 at 4, 6–7; R. 21 at 3–4.

While Plaintiff concedes that any necessary records in this case should be accessible electronically, Plaintiff argues that the convenience of witnesses should not weigh in favor of transfer because Defendant could compel its employees to appear in this forum, and as an airline, Defendant has easy access to fly them to Illinois for litigation. R. 20 at 6. Although it is true that Defendant can compel employees to appear even if they are outside the subpoena power of this Court, *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1061 (N.D. Ill. 2015) (noting that "party witnesses (and their employees) . . . normally must appear voluntarily as part of their employment"), it still defies reason to have all parties and witnesses travel to a forum where none live, including the Plaintiff himself, as this would inconvenience all parties with additional litigation time and costs. *See Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1051 (N.D. Ill. 1982) (stating that when analyzing the convenience of witnesses, "the Court must look to the expenses of transportation

and the length of time the witnesses will be absent from their jobs"); *see also Hanley*, 6 F. Supp. at 776 (stating that when analyzing the convenience of parties, "the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum").

Plaintiff further argues against transfer because discovery has not been conducted, so there are likely more witnesses who have yet to be identified who may live in other forums. R. 20 at 7. Firstly, this argument ignores that all but one of the already-identified witnesses live in the same forum: the Southern District of Texas. Secondly, this argument in fact weighs in favor of transfer—based on Plaintiff's initial allegations, it seems most plausible that if any additional witnesses are identified they would also be residents of Texas, whether employees of United or members of OBAP. Plaintiff makes no assertions that he expects a single witness to be identified who resides in Illinois. R. 20 at 7 (speculating that there may be additional witnesses in Denver, Colorado). Given that almost every individual involved in this suit lives in Texas, that is clearly the most convenient forum for parties and witnesses.

Despite this suit's connection to Houston, Plaintiff relies on the argument that his choice of forum should be granted substantial deference; however, less deference is given where, as here, "another forum has a stronger relationship to the dispute." *Rosen*, 152 F. Supp. at 1059; *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 857 (N.D. Ill. 2007) ("A plaintiff's choice of forum may be afforded less deference, however, when another forum has a stronger relationship to the dispute . . . ."); *see also Dunn*

5

*v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ("[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the 'plaintiff's preference has minimal value.'") (citations omitted). Plaintiff cites *Nalco Co. v. Environmental Management*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010), in making his "substantial deference" argument, R. 20 at 4, but as Defendant correctly points out, R. 21 at 3, *Nalco* supports the opposite finding: the court granted transfer from the Northern District of Illinois to the Southern District of Mississippi despite the plaintiff choosing to bring suit in Illinois as well as the plaintiff and multiple witnesses residing in Illinois because a plaintiff's choice of forum is "not absolute[] and will not defeat a well-founded motion to transfer." *Nalco*, 694 F. Supp. at 998 (finding transfer appropriate because the majority of the material events did not take place in Illinois). In fact, Plaintiff has an even weaker argument for deference to his choice to litigate in Illinois than the plaintiff in *Nalco* because here not only did the majority of material events not take place in Illinois, but also there are no Illinois-based witnesses and Plaintiff's home forum is Texas. *See id.*; *see also Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) (noting that if the "plaintiff's chosen forum is not the plaintiff's home forum . . . the plaintiff's chosen forum is entitled to less deference"); *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004) ("[B]ecause the Northern District of Illinois is not the Plaintiff's home forum, and because Plaintiff does not have meaningful contacts within the state of Illinois, Plaintiff's choice of forum is entitled to less deference.").

6

As already detailed, Houston is the clear situs of the material events and thus the forum with the strongest relationship to the dispute. Although the Defendant is headquartered in Chicago, that appears to be the only connection to this forum. The Court is unpersuaded by Plaintiff's emphasis on the importance of some flight connections through Chicago when they were piloted by Houston employees and originated and ended in Houston. R. 20 at 4; R. 21 at 4. Although some alleged discriminatory conduct may have occurred while flying through Chicago, this is insufficient to make this forum the situs of material events. Plaintiff's choice in forum is the only factor weighing against transfer, but this choice is ultimately afforded limited deference given the suit's lack of connection to Illinois.

The Court finds that Plaintiff's choice of forum is insufficient to outweigh the sum of the other factors that weigh in favor of transfer: the situs of the material events, ease of access to records, and convenience of witnesses and parties. Accordingly, Defendant has met its burden of establishing that the Southern District of Texas is a more convenient venue for the parties and witnesses to litigate.

II.     Interest of Justice

Last, courts consider whether the transfer is in the interest of justice, which relates to the efficient administration of the court system. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). In making this consideration, courts evaluate (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving

controversies in each locale; and (4) the relation of each community to the occurrence at issue. *Id.*

Here, the speed to trial is not materially different and the case concerns federal law (the parties concur regarding dismissal of the IHRA claim, R. 20 at 14). Plaintiff's primary argument is that Chicago is a more just venue because United is a major employer here and thus its "actions towards employees and its status as a good corporate citizen" are important local interests. R. 20 at 15. But to the extent this is true, it is outweighed by the fact that all the employees involved in the suit work out of the Houston airport and not corporate headquarters. R. 21 at 6. The Court finds that because Houston is the situs of material events and the majority of individuals involved work for United at the airport in Houston and not at United's corporate headquarters in Chicago, the interests of justice would thus be better served litigating this matter in the Southern District of Texas.

## Conclusion

For the foregoing reasons, the Court grants Defendant's motion to transfer venue to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 12, 2026